J-S12029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAUL DOMINGO SOTO, | |
| Appellant | No. 1240 EDA 2014 |

Appeal from the Judgment of Sentence Entered March 3, 2014,
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003672-2013

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 04, 2015**

Appellant, Raul Domingo Soto, appeals from the judgment of sentence entered following his conviction of possession with intent to deliver cocaine. Appellate counsel has filed a petition to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the procedural history of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.

The terms of the plea agreement required this Court to impose a minimum sentence of five (5) years imprisonment. Prior to the guilty plea, [A]ppellant sought an evaluation by the T-Cap Program, which is a drug treatment program. The evaluator recommended [A]ppellant for treatment in their program. However, the T-Cap Program is a residential substance abuse treatment program which could only be part of a county sentence. In light of the required minimum sentence of five (5) years, which would be served in a state correctional institution, the intermediate punishment sentence of T-Cap could not be part of [A]ppellant's possible sentence.

On March 3, 2014, this Court complied with the terms of the plea agreement and imposed a minimum sentence of sixty (60) months and a maximum sentence of one hundred and twenty (120) months. It was also recommended that [A]ppellant be sent to a state correctional institution that could address his substance abuse issues.

On March 12, 2014, defense counsel filed a "Post Sentence Motion — Motion To Reconsider" requesting placement in the T-Cap Program. The motion was denied because placement in the T-Cap Program would violate the terms of the plea agreement. A Notice of Appeal was filed on April 11, 2014,[2] and pursuant to this Court's Order, a "1925b Statement Of Matters Complained Of On Appeal" was timely filed by counsel. It is alleged that this Court abused its discretion by refusing to "consider" [A]ppellant for the T-Cap Program.

> [2] Prior to the Notice of Appeal, [A]ppellant filed a *pro se* "Post-Sentence Motion To Withdraw And Challenge Guilty Plea" on March 21, 2014. Due to the untimeliness of the motion, counsel was appointed to represent [A]ppellant and to proceed under the Post-Conviction Relief Act. This Court has issued a stay of that motion pending the resolution of this direct appeal.

Trial Court Opinion, 5/13/14, at 1-2.

As noted, counsel has filed a petition to withdraw from representation.

Before we address the questions raised on appeal, we first must resolve

appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id***. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted an examination of the record. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent to Appellant a copy of the ***Anders*** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in ***Santiago***, which provide that

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes

on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. It sets forth the history of this case and outlines pertinent case authority. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel presents the following issue for our review:

A. Whether an appeal alleging that the "[trial c]ourt erred in refusing to consider [Appellant] for an Intermediate Punishment program as part of its discretion at sentencing" is frivolous where the plea agreement reached by the parties required [Appellant] to accept and the court to impose a minimum sentence of five years?

Appellant's Brief at 5.

This attempts to raise a challenge to the discretionary aspects of his sentence. However, where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, he may not seek a discretionary appeal challenging those agreed-upon penalties. **Commonwealth v. Brown**, 982 A.2d 1017, 1018-1019 (Pa. Super. 2009); **see also Commonwealth v. Dalberto**, 648 A.2d 16 (Pa. Super. 1994) (holding that a defendant who has pled guilty may challenge the discretionary aspects of his sentence as long as the defendant did not agree to a negotiated sentence as part of a plea agreement).

The trial court offered the following background of this case, which we find pertinent:

During the guilty plea, the parameters of the plea bargain were explained to [A]ppellant, who was represented by counsel, Eric Dowdle, Esquire. The agreement was that [A]ppellant would receive a fixed minimum sentence of five (5) years. It was also explained to [A]ppellant that placement in the T-Cap Program was not an option due to the length of the minimum sentence. Counsel's explanation for securing the T-Cap evaluation was in the hopes of convincing the District Attorney to alter the terms of the plea agreement by demonstrating that [A]ppellant was in need of in-patient drug treatment. Ultimately, this well-intentioned request did not change the District Attorney's position with respect to the terms of the guilty plea.

The Commonwealth's reasoning is found, in part, in the presentence report, which was reviewed prior to sentencing. The report revealed that [A]ppellant had two prior convictions for charges of Possession With intent to Deliver a Controlled Substance. The presentence investigator also revealed "obvious discrepancies with regard to his substance abuse as he previously denied regular drug and alcohol use but in the T-Cap evaluation reported a lengthy history of substance abuse." Finally, the police prosecutor and the District Attorney's Office were opposed to [A]ppellant's placement in T-Cap.

During the sentencing proceedings it was evident to [A]ppellant that a minimum sentence of five (5) years would be imposed. However, he did not inquire about why he could not receive a sentence in the standard range of the guidelines. It was explained to him that his plea agreement required a five (5) year minimum sentence. It was also explained that his agreement was affected by the mandatory minimum which would have been invoked by the Commonwealth if the plea agreement was not reached and [A]ppellant was convicted after a trial.

The only request by defense counsel at sentencing was that [A]ppellant be sent to a state correctional institution which could provide drug treatment. He also said, "I know T-Cap is not available to him under the plea . . . ." This Court, in imposing sentence, made the drug treatment recommendation.

Trial Court Opinion, 5/13/14, at 2-4 (footnotes omitted).

Likewise, our review of the record reflects that the trial court sentenced Appellant in accordance with the negotiated plea agreement. Indeed, Appellant's guilty plea agreement specified that a five-year minimum sentence was to be imposed. N.T., 2/4/14, at 2, 3, 6-7. Subsequently, the trial court imposed a sentence that was in accordance with the terms of the negotiated plea agreement. N.T., 3/3/14, at 15. Therefore, because Appellant pled guilty pursuant to a plea agreement specifying particular penalties and the trial court imposed a sentence pursuant to that agreement, Appellant is not entitled to review of the discretionary aspects of his sentence. *Brown*, 982 A.2d at 1018-1019. Thus, we conclude this claim fails.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2015