J-S18032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAMAL CLARK | |
| Appellant | No. 1870 EDA 2014 |

Appeal from the Judgment of Sentence May 29, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002113-2013
CP-39-CR-0004198-2013

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 13, 2015**

Appellant, Damal Clark, appeals from the May 29, 2014 aggregate judgment of sentence of 12 to 25 years' imprisonment, imposed after he pled guilty to one count of possession of a firearm prohibited and pled *nolo contendere* to eight counts of robbery and one count of criminal conspiracy.[1] After careful review, we affirm.

We summarize the relevant procedural history of this case as follows. On March 28, 2014, Appellant entered the above pleas in the trial court. Appellant and the Commonwealth entered into a partial negotiated plea agreement insofar that the minimum sentence would be 12 years.  However, there was no agreement as to the maximum sentence.  On May 29, 2014,

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 3701(a)(1)(ii), and 903(c), respectively.

the trial court honored the plea agreement and sentenced Appellant to an aggregate sentence of 12 to 25 years' imprisonment. On June 9, 2014, Appellant filed a timely post-sentence motion, which the trial court denied the next day, June 10, 2014. On June 30, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following issues for our review.

> I. Whether there is a substantial question for which this Honorable Court should grant allowance of appeal from [the] discretionary aspects of sentencing?
>
> II. Whether the trial court erred in sentencing [Appellant] to a harsh and excessive sentence when the [trial] court failed to consider mitigating factors contained within [Appellant]'s pre-sentence investigation report [(PSI)]?

Appellant's Brief at 4.

At the outset, we note that Appellant's arguments on appeal pertain to the discretionary aspects of his sentence. It is axiomatic that in this Commonwealth, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant forwards an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal.

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

In the case *sub judice*, we note that Appellant filed a timely post-sentence motion and notice of appeal. We further observe that Appellant has included a Rule 2119(f) statement in his brief. In this case, Appellant avers that the trial court abused its discretion when it "sentenced him in the

aggravated range of the sentencing guidelines in nine of ten counts without stating legitimate reasons for doing so and without taking into consideration the possible mitigating factors contained within his [PSI]."  Appellant's Brief at 10.  To the extent Appellant argues that the trial court did not state its reasons for sentencing in the aggravated range, Appellant did not raise this issue in either his post-sentence motion or his Rule 1925(b) statement. Therefore, his argument pertaining to said issue is waived.[3]  ***See generally Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (stating, "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived[]"); ***accord*** Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]").  Therefore, the only preserved issue in Appellant's post-sentence motion and his Rule 1925(b) statement is that the trial court failed to consider Appellant's young age.  Thus, we proceed to

---

[3] In addition, it is axiomatic that the sentencing guidelines only speak to minimum sentences.  ***Commonwealth v. Kleinicke***, 895 A.2d 562, 573 (Pa. Super. 2006) (*en banc*), *appeal denied*, 929 A.2d 1161 (Pa. 2007); ***accord*** 204 Pa. Code § 303.9(e) (stating, "[a]ll numbers in sentence recommendations suggest months of minimum confinement pursuant to 42 Pa.C.S. § 9755(b) (partial confinement) and § 9756(b) (total confinement)").

determine whether this argument has raised a substantial question for our review.[4]

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

As noted above, Appellant's sole preserved argument is that the trial court failed to take into account Appellant's young age. Appellant's Brief at 10. This Court has consistently held that the trial court's alleged failure to consider mitigating factors does not raise a substantial question for our

---

[4] We reject the Commonwealth's argument that Appellant's claim is unreviewable on the ground that he received a negotiated minimum sentence. Although that is true, all parties acknowledge there was no agreement as to the maximum sentence. When this happens, this Court has explicitly permitted challenges to the discretionary aspects of sentencing regarding the maximum sentence imposed. ***Commonwealth v. Brown***, 982 A.2d 1017, 1019 (Pa. Super. 2009), *appeal denied*, 930 A.2d 726 (Pa. 2010).

review. ***Commonwealth v. Ratushny***, 17 A.3d 1269, 1273 (Pa. Super. 2011); ***accord Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010). Therefore, we cannot address the merits of Appellant's claim. ***See Edwards***, ***supra***.

Based on the foregoing, we deny Appellant's petition for permission to appeal the discretionary aspects of his sentence.[5] Accordingly, the trial court's May 29, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2015

_____

[5] Even if we were to address the merits, we note that the trial court did have the benefit of a PSI and stated on the record that it had considered the same. N.T., 5/29/14, at 2. When a trial court has the benefit of a PSI report, we presume that it "was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Walls***, 926 A.2d 957, 967 n.7 (Pa. 2007). Therefore, we would conclude Appellant's argument is without merit.