J-A08015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICKEY EARL DEHART, JR., | |
| Appellant | No. 1419 MDA 2014 |

Appeal from the Judgment of Sentence Entered July 23, 2014
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000078-2009

BEFORE: SHOGAN, WECHT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                         **FILED MAY 20, 2015**

Appellant, Ricky[1] Earl Dehart, Jr., appeals from the judgment of sentence entered in the Union County Court of Common Pleas, following the revocation of his probation. We affirm.

As the "Statement of the Case" section of Appellant's brief consists of two sentences,[2] we glean the relevant facts from the certified record on

_____

[*]   Retired Senior Judge assigned to the Superior Court.

[1]   Appellant advises that the proper spelling of his name is "Ricky."

[2]   Pa.R.A.P. 2117(a)(1) requires that the statement of the case shall contain "[a] statement of the form of action, followed by a brief procedural history of the case." Pa.R.A.P. 2117(a)(4) further instructs that the statement of the case shall include "a closely condensed chronological statement of all necessary facts . . . . " Although counsel's non-compliance with Rule 2117 does not preclude review in this instance, we remind counsel
*(Footnote Continued Next Page)*

appeal and the transcript of the probation revocation proceeding. On February 21, 2014, the Commonwealth filed a motion to revoke Appellant's probation, alleging that he had violated the conditions of his probation related to the use of narcotics and compliance with drug and alcohol treatment programs. On July 22, 2014, the trial court held a probation revocation hearing. Appellant presented testimony from Aimee Benfer, a caseworker from the Union County Children and Youth Services, concerning Appellant's attempts to maintain contact with his son while Appellant was in custody. She also confirmed that Appellant was not the subject of an investigation surrounding suspected abuse of his son. N.T., 7/22/14, at 8–11. Appellant testified on his own behalf and admitted the allegations of the Commonwealth's motion. *Id*. at 5. Appellant also detailed his struggle with drug addiction and his participation in drug treatment and parenting programs offered at the county jail where he was then incarcerated. *Id*. at 12–18. Susan Stout, Appellant's probation supervisor, appeared for the Commonwealth and stated that Appellant should be sentenced to a state facility because he brought illegal narcotics into a drug treatment facility and was resistant to the treatment offered there. *Id*. at 24. At the completion of testimony and argument, the trial court sentenced Appellant to a nine-

*(Footnote Continued)* ─────────────

that meaningful appellate review is best served when the parties comply with the Pennsylvania Rules of Appellate Procedure. ***Commonwealth v. Henry***, 706 A.2d 313, 318 (Pa. 1997).

month-to-thirty-six-month term of incarceration in a state correctional institution. *Id*. at 33–34.

Appellant raises a single issue for review: "Did the Trial Court commit error in sentencing Appellant to a state prison when less restrictive and more appropriate alternatives were available?" Appellant's Brief at 4. Appellant argues that the trial court's decision to sentence him to a state term was inappropriate because he is a drug addict in need of treatment, not incarceration. *Id*. at 6.

As presented, Appellant's claim challenges a discretionary aspect of his sentence. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1033 (Pa. Super. 2013) (*en banc*) (appellants may challenge discretionary aspects of sentence imposed following revocation). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012). Rather, prior to reaching the merits of a discretionary sentencing issue, we conduct a four-pronged inquiry to determine: (1) whether Appellant filed a timely notice of appeal; (2) whether the issue was properly preserved; (3) whether Appellant's brief includes a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the

Sentencing Code. **Commonwealth v. Lewis**, 45 A.3d 405, 410 (Pa. Super. 2012).

Herein, Appellant filed a timely notice of appeal and preserved the issue of state versus county incarceration during the probation revocation hearing. In addition, Appellant's brief contains the required Rule 2119(f) statement. Thus, we must next determine whether Appellant has stated a substantial question justifying this Court's review of his sentencing claim.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Glass**, 50 A.3d 720, 726–727 (Pa. Super. 2012) (quoting **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa. Super. 2008)).

In his Rule 2119(f) statement, Appellant asserts that the trial court's sentence was unreasonable because he received a term in a state facility for a non-violent probation violation occasioned by his drug addiction and concern for his child. Appellant urges that the trial court should have considered his cooperation with the authorities investigating the suspected abuse of his son and his efforts at rehabilitation as factors indicating that incarceration in a county prison was appropriate.

We first observe that Appellant has not identified any provision of the Sentencing Code calling into question the trial court's state facility decision.[3] Nor has he cited any authority for the concept that imposition of a state sentence for non-violent crimes is contrary to fundamental norms underlying the sentencing process. Facially, then, Appellant has failed to present a substantial question concerning the propriety of his sentence. ***See Commonwealth v. Brown***, 982 A.2d 1017, 1020 (Pa. Super. 2009) (appellant's claim that state incarceration was unreasonable because he committed a non-violent offense and was not confrontational during court proceedings did not present a substantial question). Additionally, Appellant's assertion that the trial court did not adequately consider his rehabilitative needs fails to raise a substantial question. ***See Commonwealth v. Griffin***, 65 A.3d 932, 936–937 (Pa. Super. 2013) (allegation that court's sentence failed to take into account rehabilitative needs does not raise a substantial question). Similarly, Appellant's claim that the court did not factor in his drug addiction does not raise a substantial

---

[3] Appellant's one and one-half page argument references one case and one statutory section related to the substantial question requirement, but fails to cite a single case supporting his distinct argument about the place of incarceration. Appellant's Brief at 8–9. Pursuant to the Pennsylvania Rules of Appellate Procedure, failure to cite to relevant authority provides a basis for us to find waiver. ***See*** Pa.R.A.P. 2119; ***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 n.3 (Pa. Super. 2012) (holding that appellant's failure to properly develop claims in brief could support a waiver determination). Nevertheless, we consider the merits of Appellant's claim.

question. *See Commonwealth v. Coolbaugh*, 770 A.2d 788, 793 (Pa. Super. 2001) (appellant's claim that the court did not consider his personal life situation of drug addiction does not raise a substantial question).

Even if we were to determine that Appellant raised a substantial question, we find no merit in the underlying allegation.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006)).

At the revocation hearing, the trial court explained its reasons for imposing a state sentence, as follows:

> [Appellant] was on the street for 19 ½ months. In 19 ½ months he had four relapses, he had two failed treatment programs. There was a question about his attitude on the street which is in contrast to his attitude in prison. He is seeking help and doing what he needs to do. There is an issue of honesty on top of his attitude.
>
> * * *
>
> The whole incident involving his son is not a factor in here at all. If anything, it mitigates in favor of the Commonwealth's proposal because, quite frankly, my inclination was 1 to 3 years with RRRI sentence of nine months; but I'm willing to go along with the Commonwealth's recommendation and mainly for these reasons.

6

He's currently on state supervision. It makes absolutely no sense to split the sentence where you have one sentence that's county supervised and another sentence state supervised. He's been on state supervision and failed on state supervision, which it makes no sense to go back to a county level where he's not done well on a higher level of supervision. And, as pointed out, the services that we have to offer at the county level at this time are not the same as in the state facility with the programming on the grounds.

N.T., 7/22/14, at 32–33. The trial court also had access to and referred to a pre-sentence report that had been prepared in connection with Appellant's 2010 burglary conviction. *Id*. at 5–6. ***See Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009) (when pre-sentence reports exist, it is presumed that the sentencing judge was aware of relevant information regarding defendant's character).

Nothing in the trial court's sentencing decision demonstrates that the court misapplied the law, or exercised its judgment for reasons of partiality, prejudice, bias, or ill will. To the contrary, the trial court observed that Appellant's rehabilitative needs would be better served in the state system. And, while the court stated that the situation concerning Appellant's son was not relevant to its sentencing determination, it later mentioned that this factor weighed in favor of the sentence recommended by the Commonwealth, rather than the longer sentence that it was contemplating. Thus, Appellant would not be entitled to relief on his challenge to the discretionary aspects of his sentencing. Accordingly, we affirm.

Judgment of sentence affirmed.

7

J-A08015-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/20/2015</u>