J-S07018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAGENZA JUNIOUS | |
| Appellant | No. 879 MDA 2015 |

Appeal from the Judgment of Sentence February 17, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000639-2013

BEFORE: BOWES, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 12, 2016**

Lagenza Junious appeals the judgment of sentence imposed February 17, 2015, in the Dauphin County Court of Common Pleas. The trial court sentenced Junious to a term of life imprisonment, pursuant to a negotiated plea agreement, followed by a consecutive term of 20 to 40 years' imprisonment, after Junious entered a guilty plea to charges of murder, attempted murder, burglary and persons not to possess firearms.[1] On appeal, he challenges the discretionary aspects of his non-negotiated sentence. We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502, 901, 3502(a)(1), and 6105(c)(6), respectively.

The facts underlying Junious' guilty plea were summarized at his plea hearing as follows:

[T]he factual basis underlying the plea stems from an incident that occurred on December 20th, 2012 in the early morning hours of that date. [Junious], as well as the deceased in the case, Adreanne Evans, lived in adjoining apartments on North Sixth Street right off of Forester in Harrisburg city.

They had, within the last couple of months, ended a romantic relationship, and I think it is sufficient to say that [Junious] had some difficulty with that break-up and there were a number of events that culminated in what occurred on December 20th; and that is, just after 6:00 a.m., [Junious] armed with a shotgun, came over to the adjoining apartment and forced his way in with the butt of the shotgun, breaking the glass door, forcing his way into the occupied apartment.

Inside were several people. The deceased Adreanne Evans, her new romantic interest Sterling Brown, Adreanne's mother Sage Evans, as well as [Junious] and Adreanne's infant child sleeping in there. The group was awoken by [Junious'] forcible entry.

Upon entering, he pointed the shotgun at Adreanne, shot her once in the chest; fired more shots at Sterling Brown, striking him on the left side of his face. And then finally, as Adreanne went to the ground, he pointed the shotgun at her face and delivered a certainly fatal shot to her, dropped the shotgun, and exited the apartment.

N.T., 2/17/2015, at 14-15.

Junious was charged with murder, attempted murder, aggravated assault,[2] burglary, persons not to possess firearms, and three counts of

___

[2] 18 Pa.C.S. § 2702.

- 2 -

recklessly endangering another person ("REAP").[3] On April 16, 2013, the Commonwealth provided notice of aggravating circumstances, indicating its intent to seek the death penalty. Thereafter, on February 17, 2015, Junious entered a negotiated guilty plea to the above stated charges. Under the terms of the agreement, the Commonwealth agreed not to seek the death penalty for the crime of murder, and withdrew the charges of aggravated assault and REAP. The trial court accepted the terms of the plea agreement, and imposed a sentence of life imprisonment on the murder charge. With regard to the remaining charges, for which there was no agreement as to sentencing, the trial court sentenced Junious to a term of 20 to 40 years' imprisonment for attempted murder, 10 to 20 years' imprisonment for burglary, and five to 10 years' imprisonment for persons not to possess firearms. The attempted murder sentence was imposed consecutively to the sentence of life imprisonment for murder. The trial court ran the other sentences concurrently.

Junious filed a timely post-sentence motion seeking reconsideration of his non-negotiated sentence, namely, the court's decision to run the attempted murder sentence consecutively. He also sought leave to file an amended post-sentence motion to challenge the trial court's imposition of

---

[3] 18 Pa.C.S. § 2705.

fines and costs. The court denied both requests. This timely appeal followed.[4]

Junious' sole issue on appeal challenges the discretionary aspects of his sentence.[5] "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Edwards**, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

_____

[4] On May 26, 2015, the trial court ordered Junious to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Junious complied with the court's directive, and filed a concise statement on June 15, 2015.

[5] It is well-settled that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009), *appeal denied*, 990 A.2d 726 (Pa. 2010). However, a defendant may seek a discretionary appeal of those sentencing terms that were not negotiated. **Id.**

Junious complied with the procedural requirements for this appeal by filing a post-sentence motion for reconsideration of sentence and a timely notice of appeal. Moreover, counsel included in the brief before this Court a statement of reasons relied upon for appeal pursuant to **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must consider whether Junious raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). Here, Junious contends his sentence was excessive and unreasonable because the trial court ordered that the 20 to 40 year sentence for attempted murder run consecutively to his life sentence for murder. He further asserts that the court's structure of the sentence "does not serve to protect the public or rehabilitate [him]." Junious' Brief at 14.

"Generally speaking, the [trial] court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal." **Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 598 (Pa. Super. 2010).

Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012), *appeal denied*, 621 Pa. 677, 75 A.3d 1281 (2013).

> To make it clear, a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013), *reargument denied* (Nov. 21, 2013), *appeal denied*, 625 Pa. 648, 91 A.3d 161 (2014) (emphasis in original).

*Commonwealth v. Swope*, 123 A.3d 333, 338-339 (Pa. Super. 2015).

In *Commonwealth v. Caldwell*, 117 A.3d 763 (Pa. Super. 2015) (*en banc*), *appeal denied*, ___ A.3d ___, 2015 WL 7288526 (Pa. 2015), an *en banc* panel of this Court considered a similar challenge. In that case, the trial court imposed an aggregate sentence of 31 to 62 years' incarceration following the defendant's convictions of, *inter alia*, robbery, aggravated assault and gun charges. With regard to his sentence, the defendant argued the court's imposition of consecutive sentences was excessive in relation to his convictions, and the court failed to consider his rehabilitative needs. *Id.* at 768. The *en banc* panel concluded the defendant's claim raised a substantial question for review. We find the same to be true in the present case.

Nevertheless, we conclude Junious is entitled to no relief. The trial court, in its opinion, stated the following:

> These offenses stemmed from [Junious'] heinous criminal acts, which resulted in the first-degree murder of Adreanne Evans and the attempted murder of Sterling Brown. In light of the depraved criminal conduct at issue, this Court's decision to impose a consecutive sentence of 20 to 40 years imprisonment for criminal attempt homicide is not excessive or extreme, even in light of [Junious'] life sentence for first-degree murder. Furthermore, this Court did not impose consecutive sentences for the other offenses; Counts 4 and 5 were ordered to run concurrent to Count 1. [Junious] was not entitled to a "volume discount" for his multiple offenses. Based upon the foregoing, we will not deem the aggregate sentence as excessive in light of the violent criminal conduct at issue.

Trial Court Opinion, 8/5/2015, at 5. We find no reason to disagree. *See* *Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion."), *appeal denied*, 125 A.3d 1198 (Pa. 2015).

Moreover, to the extent Junious complains the trial court failed to consider the protection of the public or his rehabilitative needs, these claims amount to no more than bald allegations. Therefore, he is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016