J-S53039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT LEE SHAFFER, JR. | |
| Appellant | No. 1548 MDA 2015 |

Appeal from the Judgment of Sentence August 10, 2015
in the Court of Common Pleas of Clinton County Criminal Division
at No(s): CP-18-CR-0000461-2014

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 20, 2016**

Appellant, Robert Lee Shaffer, Jr., appeals from the judgment of sentence entered in the Clinton County Court of Common Pleas following his guilty plea to seven counts of possession of child pornography.[1] He claims that the trial court erred by imposing an excessive sentence and failing to consider mitigating factors. We affirm.

The trial court summarized the pertinent procedural history as follows:

> Appellant was charged pursuant to a Criminal Complaint filed on September 30, 2014 by Brittney J. Baughman of the Office of Attorney General with . . . fifteen (15) counts of Sexual Abuse of Children (Possession of Child Pornography), a felony of the third degree; . . . Appellant waived Appellant's right to a Preliminary Hearing on

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6312(d).

October 21, 2014 and pled guilty[2] before this Court on May 8, 2015 to seven (7) counts of Sexual Abuse of Children (Possession of Child Pornography), all graded as felonies of the third degree. This Court on August 10, 2015 sentenced Appellant to a term of imprisonment of six (6) months to thirty-six (36) months on each of the counts and ordered that these sentences run consecutive. Therefore, Appellant had an aggregate minimum sentence of forty-two (42) months and an aggregate maximum sentence of two hundred fifty-two (252) months. Appellant filed a Motion to Modify Sentence on August 19, 2015,[3] which this Court denied by Order of August 20, 2015. Defendant filed a timely appeal on September 8, 2015 and pursuant to this Court's Order of September 9, 2015, filed a Statement of Matters Complained of Pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure on September 25, 2015.

Trial Ct. Op., 9/30/15, at 1-2.

On appeal, Appellant argues that his sentence is excessive and that the trial court erred in not considering mitigating factors.[4] Appellant's Brief

---

[2] Appellant and the Commonwealth agreed that he would be sentenced within the standard range for each count. However, the trial court would determine whether each sentence would run concurrently or consecutively. Appellant's Guilty Plea Statement, 5/7/15, at 7; N.T., 5/8/15, at 2.

[3] Appellant filed a post-sentence motion to reduce and modify his sentence. He noted mitigating factors that should have been considered. Appellant's Post-Sentence Mot., 8/19/15, at 1-2 (unnumbered).

[4] Appellant raises the following four issues in his statement of the questions involved:

A. Whether the trial court committed an abuse of discretion in failing to adequately consider that the Appellant was cooperative throughout the investigation of the matter and waived his Preliminary Hearing and right to trial and ultimately pled guilty?

at 8-9. Appellant claims that the trial court abused its discretion. *Id.* at 7. We hold that Appellant is not entitled to relief.

Claiming that a sentence is excessive is a challenge to the discretionary aspects of sentencing. *Commonwealth v. Pennington*, 751 A.2d 212, 215 (Pa. Super. 2000). Appellants do not have an absolute right to appeal the discretionary aspects. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006). In order to obtain review, Appellant must satisfy a four-prong test. *Id.*

As a prefatory matter, however, we determine if Appellant is entitled to seek permission to appeal. Ordinarily, when a guilty plea includes a sentence agreement, and the agreed upon sentence is imposed, the plea

---

B. Whether the trial court committed an abuse of discretion in failing to adequately consider Appellant's life history which includes only a single criminal conviction from 1994?

C. Whether the trial court committed an abuse of discretion in failing to adequately consider Appellant's cooperation and compliance with the officials and policies of the Clinton County Correctional Facility during his pre-trial incarceration for over ten (10) months?

D. Whether the trial court committed an abuse of discretion in failing to adequately consider Appellant's close connection with his family, especially his eight-year-old [sic] Mother and two children who reside locally in Clinton County?

Appellant's Brief at 5. However, because Appellant discusses all of the issues in a single argument section of his brief, we address them as such. *Id.* at 7.

results in a waiver of a challenge to the discretionary aspects of the sentence. **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991). After a guilty plea with a negotiated agreement is made, challenges may only be brought to review the court's jurisdiction, the legality of the sentence, and the validity of the plea. **Id.** However, where a guilty plea is open and made without a sentence agreement, the defendant has the right to challenge the discretionary aspects of sentencing. **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009). Where the guilty plea is a hybrid, *i.e.*, negotiated as to certain aspects of the sentence, but not all, this Court can review the non-negotiated aspects of the sentence. **See id.** at 1019-20.

Instantly, Appellant pleaded guilty to seven counts of possession of child pornography on May 8, 2015. Appellant and the Commonwealth agreed that he would be sentenced within the standard range, but the consecutive nature of the sentence would be left to the trial court. Appellant's Guilty Plea Statement, 5/7/15, at 7; N.T., 5/8/15, at 2. Because this was a hybrid plea agreement, we conclude that he has not waived his right to seek permission for appellate review of the discretionary aspects of the non-negotiated portions of his sentence. **See Brown**, 982 A.2d at 1019-20.

Accordingly, we may proceed to determine if Appellant satisfies the following four requirements for review:

(1): whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Evans* 901 A.2d at 533. (citation omitted).

[T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. . . . If the Rule 2119(f) statement meets these requirements, we can decide whether a substantial question exists.

*Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000). If an appellant fails to include a 2119(f) statement in his brief, and the Commonwealth objects to the lack of the statement, this Court cannot review the merits of the appellant's claim. *See Commonwealth v. Bruce*, 916 A.2d 657, 666 (Pa. Super. 2007).

In this case, Appellant filed a timely appeal and preserved the issues by filing a post-sentence motion. However, Appellant failed to comply with the 2119(f) statement requirement because he did not include a 2119(f) statement in his brief. *See* Appellant's Brief at 1-10; *accord* Pa.R.A.P. 2119(f); *Goggins*, 748 A.2d at 727. The Commonwealth objected to Appellant's lack of a 2119(f) statement. *See* Commonwealth's Brief at 8-9

("This Court should not review the merits of [Appellant's] discretionary aspects of sentencing claim because he has failed to comply with the requirements to obtain review" including his omission of a 2119(f) statement). Therefore, this Court cannot review Appellant's challenge to the discretionary aspects of his sentence. *See Bruce*, 916 A.2d at 666.

Accordingly, Appellant failed to comply with the requirements for review. *See Evans*, 901 A.2d at 533. Therefore, we decline to examine the merits of Appellant's challenge to the discretionary aspects of his sentencing, deny permission to appeal, and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016