**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Zebula Melvin BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 27, 2009.

Filed Oct. 14, 2009.

Brian W. Ulmer, Lewisburg, for appellant.

D. Peter Johnson, Assistant District Attorney Lewisburg, for Commonwealth appellee.

BEFORE: ORIE MELVIN, DONOHUE and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 Zebula Brown ("Petitioner") seeks permission to appeal the discretionary aspects of his sentence. We deny the petition for allowance of appeal.

¶ 2 Petitioner faced several criminal charges. Pursuant to a plea agreement, all charges were *nolle prossed* except for one count of hindering apprehension under 18 Pa.C.S.A. § 5105(b), a second-degree misdemeanor. Also pursuant to the agreement, Petitioner was to receive a sentence with a minimum term at the bottom end of the standard range of his sentencing guidelines and a maximum term to be set in the sentencing court's discretion. The agreement had no provision concerning the type of facility (*i.e.,* state or county) at which Appellant would be incarcerated.

¶ 3 Accepting the aforesaid agreement, Petitioner pled guilty. At sentencing, the court imposed imprisonment of not less than one month and not more than twenty-four months, the incarceration to be served in a state correctional institution. The minimum term of one month was at the bottom end of the standard range of the guidelines.

¶ 4 Petitioner later moved for reconsideration of sentence; the court denied his motion. Thereafter, Petitioner filed a timely notice of appeal in the instant matter.

 ¶ 5 Initially, we must determine whether Petitioner has the right to seek permission to appeal the sentencing court's

---

* Retired Senior Judge assigned to the Superior Court.

exercise of its discretion. Where a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing. *Commonwealth v. Dalberto*, 436 Pa.Super. 391, 648 A.2d 16, 20 (1994). However, where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties. *Id.* Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained. *See id.* at 20.

¶ 6 In some cases, there may be plea agreements specifying some but not all aspects of the sentence. For example, in *Dalberto*, the parties did not have an agreement as to the length of the defendant's sentence, but they did agree that no more than two of the several charges to which the defendant pled guilty would result in consecutive prison terms. *Id.* at 18. After the defendant pled guilty, the court imposed various terms of imprisonment that were consecutive at two counts and concurrent at the remaining charges. *Id.* at 20. This Court later determined that, by pleading guilty pursuant to such an agreement, the defendant could not seek a discretionary appeal involving the agreed-upon terms (*i.e.*, the consecutive nature of two of his sentences) but he could seek such an appeal with respect to the length of his sentences because that aspect of his

penalty had not been negotiated. *Id.* at 21.

¶ 7 In the present case, the sentencing court imposed a minimum term at the bottom of the standard range of Petitioner's sentencing guidelines. Petitioner does not seek a discretionary appeal concerning that aspect of his sentence and, indeed, we would not permit him to do so because that part of his penalty was agreed upon by the parties. He does, however, wish to pursue an appeal regarding the sentencing court's exercise of discretion with respect to the maximum term of his sentence and the location of his incarceration (*i.e.*, a state prison rather than a county facility).[1]

¶ 8 It is apparent from the record that the parties did not agree upon a maximum term or the location of Petitioner's incarceration. For example, they specifically agreed the maximum term would be left to the court's discretion. We reject any suggestion that, by agreeing to leave the maximum term within the court's discretion, Petitioner somehow agreed it would be acceptable if the court abused that discretion. Consequently, we find Petitioner has not waived the right to seek an appeal challenging the sentencing court's discretion in imposing a maximum term.

¶ 9 We reach the same conclusion concerning Petitioner's intended challenge to the location of his incarceration. Because the plea agreement did not include a provision specifying the type of facility in which Petitioner would be held, that matter was implicitly left to the court's discretion and, as such, Petitioner has not

---

1. Defendants sentenced to maximum terms of less than two years are committed to county facilities while defendants with maximum terms of two years or more are normally housed in state facilities. *See* 42 Pa.C.S.A. § 9762. Thus, there is usually a correlation between the length and location of a sentence.

Nevertheless, a maximum term of two years or more but less than five years may, depending on the circumstances of the particular case, lead to incarceration in a county, rather than a state, prison. *Id.* Accordingly, while length and location of a prison term are often related, they can be distinct issues.

waived the right to seek a discretionary appeal on that point.

¶ 10 We stress that permitting Appellant to petition this Court for allowance of appeal with respect to the exercise of the sentencing court's discretion in setting Appellant's maximum term and place of confinement does not deprive the Commonwealth of terms to which it agreed and does not otherwise undermine the plea process in any way. If the Commonwealth wanted an agreement particularizing the maximum term or specifying the place of confinement, the Commonwealth could have insisted upon such an agreement and thereby insulated such particulars from discretionary review. The Commonwealth did not do so. Rather, the parties came to an agreement as to the minimum term while leaving other aspects of Petitioner's sentence to the discretion of the court. Accordingly, while Petitioner cannot seek to appeal that part of his sentence set by the plea bargain, he can request permission to appeal the parts of his sentence left explicitly or implicitly to the court's discretion.

¶ 11 We must now decide whether Petitioner has persuaded us there exists a substantial question that his sentence is inappropriate under the sentencing code. *See Commonwealth v. Feucht,* 955 A.2d 377, 383–85 (Pa.Super.2008) (discussing review of claims concerning discretionary aspects of sentencing). In his statement under Pa.R.A.P. 2119(f), Petitioner baldly asserts his sentence was unreasonable because he received "state time" for a non-violent misdemeanor and because he was "nonconfrontational" during the plea and sentencing hearings. Petitioner's Brief at 9. Petitioner offers no colorable argument or authority for the notion that non-violent crimes or misdemeanors cannot reasonably result in state time or that a criminal defendant is exempt from

such a penalty because the defendant was not confrontational in prior proceedings. Even more precisely, he presents no explanation or law as to why he, in particular, is not properly subject to such a sentence. In sum, we fail to see any substantial question concerning the propriety of Petitioner's sentence. As such, we deny the petition for allowance of appeal.

¶ 12 Petition for allowance of appeal denied.