J-S70042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LORRAINE MARRERO, | : | |
| | : | |
| Appellant | : | No. 611 EDA 2016 |

Appeal from the Judgment of Sentence January 22, 2016
in the Court of Common Pleas of Lehigh County,
Criminal Division, No(s):  CP-39-CR-0002992-2015

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 19, 2016**

Lorraine Marrero ("Marrero") appeals from the judgment of sentence imposed following her guilty plea to aggravated assault.[1]  We affirm.

In April 2015, Marrero was at home with her two sons, A., a 2-year-old, and V., a 4-month-old.  A. was sick, crying, and throwing himself on the floor.  V. also started crying.  In a "fit of rage," Marrero picked up V. by the torso and squeezed him for approximately one minute.  Marrero determined that V. was okay because he was smiling, and she did not seek medical attention for her son.

On May 23, 2015, Marrero took V. to Sacred Heart Hospital ("Sacred Heart") to be treated for bronchitis.  V. was treated at Sacred Heart and was released after an x-ray was taken.  After reviewing the x-ray, the medical staff noticed that V. had two healing rib fractures on his right side, and

_____
[1] 18 Pa.C.S.A. § 2702(a)(8).

asked Marrero to bring V. back to Sacred Heart. Sacred Heart also notified the police and Children and Youth Services. Two days later, Marrero brought V. back to Sacred Heart, and she was informed of the rib fractures. V. was transferred to the pediatrics clinic at Lehigh Valley Hospital, where he was examined by Dr. Debra Esernio-Jensen, who was part of the Child Advocacy Center.

During an interview, Marrero told police about the incident and gave a written statement. Marrero also has a history of mental health problems and had not been taking her medication on a regular basis. Marrero was charged with aggravated assault and endangering the welfare of children.[2]

On December 8, 2015, Marrero entered a guilty plea to aggravated assault, with the agreement that the Commonwealth would not prosecute the endangering the welfare of children charge, and the minimum sentence would not exceed 36 months. The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI"). On January 22, 2016, after reviewing the PSI, the trial court sentenced Marrero to 3 to 10 years in prison.

On February 1, 2016, Marrero filed a Motion for Reconsideration and Modification of Sentence, which the trial court denied. Marrero subsequently filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

---

[2] 18 Pa.C.S.A. § 4304(a)(1).

On appeal, Marrero raises the following question for our review:

Whether the [trial] [c]ourt abused its discretion in imposing a manifestly excessive and unreasonable sentence[,] which has a minimum sentence that is higher than the [s]entencing [g]uideline [r]ange as applied to [Marrero,] when the Court failed to consider any significant mitigating factors, failed to apply and review all the necessary factors as set forth in 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9781(c) and (d)[,] or otherwise failed to set forth appropriate reasons for its radical deviation from the standard sentencing ranges?

Brief for Appellant at 7.

Marrero claims that the trial court abused its discretion by imposing a sentence outside of both the standard and aggravated ranges of the sentencing guidelines. *Id.* at 11. Marrero argues that her minimum sentence should have been 6 to 14 months under the standard range, or 20 months under the aggravated range. *Id.* at 12. Marrero asserts that the trial court failed to adequately explain its reasons for deviating from the sentencing guidelines. *Id.* at 12-14. Further, Marrero claims that the trial court considered only the seriousness of the offense and the fact that the victim was her son, and failed to consider relevant mitigating factors. *Id.* at 15.

Marrero's claim challenges the discretionary aspects of her sentence.[3] *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "It is well-settled that, with regard to the discretionary aspects of sentencing,

---

[3] Marrero entered an open guilty plea for aggravated assault, so her plea did not preclude a challenge to the discretionary aspects of her sentence. *See Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009).

- 3 -

there is no automatic right to appeal." ***Commonwealth v. Mastromarino***,

2 A.3d 581, 585 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Moury***, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Marrero filed a timely Notice of Appeal, preserved her issue in a

Motion for Reconsideration and Modification of Sentence, and included a Rule

2119(f) Statement in her brief. Marrero's argument that the trial court did

not provide adequate justification on the record for imposing a sentence

above the aggravated range raises a substantial question. ***See***

***Commonwealth v. Robertson***, 874 A.2d 1200, 1212 (Pa. Super. 2005)

(stating that "a substantial question exists where the sentencing court failed

to provide sufficient reasons for imposing a sentence outside of the guidelines."). Thus, we will review Marrero's sentence.

Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa. Super. 2007). "In every case in which the court imposes a sentence for a felony … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b); ***see also Commonwealth v. Mouzon***, 812 A.2d 617, 620-21 (Pa. 2002) (plurality). In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Commonwealth v. McClendon***, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted). Additionally, "[w]here pre-sentence reports exist, we shall … presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence

report constitutes the record and speaks for itself." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

Upon our review, we conclude that the trial court adequately set forth, on the record, its reasons for imposing a sentence outside of the guidelines: Marrero was in a position of trust as V.'s mother; she harmed her own child; she did not take complete responsibility for her actions until sentencing; the community is at risk; the plea agreement allowed for departure from the aggravated range; and imposing a lesser sentence would depreciate the seriousness of the crime. ***See*** N.T., 1/22/16, at 37. Moreover, the trial court indicated that it reviewed Marrero's PSI in imposing the sentence. ***See*** N.T., 1/22/16, at 3-4; ***see also Devers, supra*** (stating that where the trial court had the benefit of a PSI, we presume that the trial court was aware of, and considered all relevant factors, and "[h]aving been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed."). Therefore, the trial court did not abuse its discretion in sentencing Marrero for the aggravated assault conviction.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016

- 6 -