J-S80010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE PADILLA, | |
| Appellant | No. 1548 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 12, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012998-2012

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 12, 2019**

Appellant, Jose Padilla, appeals from the judgment of sentence of an aggregate term of 30 to 60 years' imprisonment, imposed after he entered into a negotiated guilty plea to third degree murder, 18 Pa.C.S. § 2502(c), conspiracy to commit murder, 18 Pa.C.S. § 903, and possession of an instrument of crime, 18 Pa.C.S. § 907.  We affirm.

The trial court summarized the procedural history and factual background of this case as follows:

> On May 15, 2014, [Appellant] entered into a negotiated guilty plea to third degree murder, … as a felony of the first degree, conspiracy to commit murder, … as a felony of the first degree, and possession of an instrument of crime[], … as a misdemeanor of the first degree.[1]
>
> [1] [Appellant] pleaded guilty after the Commonwealth rested its[] case pursuant to an agreement with the Commonwealth.  The agreement was that, in exchange for [Appellant's] guilty plea and testimony against co-defendant

> Edwin Pichardo, he would receive no less than 30 to 60 years' confinement.
>
> On April 12, 2018[,][2] [Appellant] was sentenced to [20] to [40] years' confinement for the third degree murder conviction and a consecutive [10] to [20] years' confinement for the conspiracy conviction[,] for an aggregate term of [30] to [60] years' confinement.
>
> > [2] On November 6, 2015, [Appellant] waived his right to a speedy sentencing as he was to be a cooperating witness against a co-conspirator who had fled to the Dominican Republic.
>
> On April 16, 2018, [Appellant] filed a [m]otion for [m]odification of [s]entence on the ground that the court abused its discretion by failing to give adequate weight to [Appellant's] extraordinary cooperation with the Commonwealth. The [m]otion for [m]odification of [s]entence was denied without a hearing on May 1, 2018.
>
> On May 30, 2018, [Appellant] filed a timely [n]otice of [a]ppeal to the Pennsylvania Superior Court.
>
> On July 5, 2018, [Appellant] filed a [Pa.R.A.P.] 1925(b) [s]tatement of [m]atters [c]omplained of on [a]ppeal, pursuant to an [o]rder of the [c]ourt….
>
> ***
>
> This case involves a murder for hire. Co-defendant Hector Rivera was hired by co-defendant Edwin Pichardo to kill Candido Hidalgo over a drug dispute. Rivera enlisted the aid of [Appellant]. Rivera and [Appellant] lay in wait outside the decedent's house until he arrived home. [Appellant and Rivera] then accosted the decedent, stabbing him numerous times with two … separate knives. Rivera received thirty-thousand dollars in payment from which he distributed five-thousand [dollars] to [Appellant]. Both Rivera and [Appellant] gave statements to detectives in which each admitted to the conspiracy but blamed the other for the actual stabbing.

Trial Court Opinion (TCO), 8/9/2018, at 1-2 (headings omitted).

Appellant presently raises a single issue for our review:

> Was the lower court's aggregate sentence of 30 to 60 years['] imprisonment an abuse of discretion in that it was manifestly

excessive since it failed to give adequate weight to [Appellant's] extraordinary cooperation with the Commonwealth?

Appellant's Brief at 4.

By claiming that the trial court abused its discretion by imposing a sentence that failed to adequately weigh his cooperation with the Commonwealth, Appellant challenges a discretionary aspect of his sentence. *See id.* at 8. He argues that he "agreed to cooperate with authorities in a drug[-]related murder at great risk to himself. [Appellant] agreed to waive speedy sentencing for nearly four years and it was his cooperation and the cooperation of his co-defendant that led to the mastermind of the murder pleading guilty." *Id.* at 9. He therefore asserts that the trial court abused its discretion by not imposing "a more lenient sentence despite the negotiated terms of [Appellant's] plea." *Id.* at 9-10 (citation omitted).

No relief is due. This Court has explained that "[w]here a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing. However, where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citations omitted). "Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained." *Id.* (citation omitted). Here, Appellant "agreed during

the guilty plea colloquy that the minimum sentence he would receive would be 30-60 years' incarceration." TCO at 2 (citing N.T. Trial, 5/15/2014, at 90-92; N.T. Sentencing, 4/12/2018, at 1-10). Accordingly, Appellant's claim is not reviewable, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/12/19