J-S19041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN ANTHONY DEVINE, | : | |
| | : | |
| Appellant | : | No. 1973 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 29, 2019
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  Cp-46-CR-0004681-2018

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 30, 2020**

Ryan Anthony Devine ("Devine") appeals from the judgment of sentence imposed following his open guilty plea to conspiracy to operate a methamphetamine laboratory within 250 feet of a playground.[1]  We affirm.

On June 22, 2018, Devine was charged with numerous offenses related to the production of methamphetamine.  On March 15, 2019, Devine entered an open guilty plea to criminal conspiracy to operate a methamphetamine laboratory within 250 feet of a playground, and in exchange, all other charges were *nolle prossed*.  The trial court ordered a pre-sentence investigation report ("PSI") and postponed sentencing until May 29, 2019.  Devine was subsequently sentenced to 2 to 15 years in prison, with credit for time served, plus fines and costs.  Devine filed a post-sentence Motion, challenging the discretionary aspects of his sentence.  The trial court denied the Motion.

_____

[1] 18 Pa.C.S.A. § 903.

Devine filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Devine now raises the following issue for our review: "Whether the sentence imposed on [Devine for] criminal conspiracy to operate a methamphetamine lab within 250 feet of a playground[] was clearly excessive and manifestly unreasonable?" Brief for Appellant at 4.

Devine's claim challenges the discretionary aspects of his sentence.[2] "It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advance[s] a colorable

---

[2] Devine's open guilty plea does not preclude a challenge to the discretionary aspects of his sentence. **See Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009) (stating that "where a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing.").

argument that the sentencing judge's actions were either: (1) inconsistent with the specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Devine filed a timely Notice of Appeal, challenged the discretionary aspects of his sentence in a post-sentence Motion, and included a separate Rule 2119(f) Statement in his Brief.[3]  Additionally, Devine's assertions that the trial court imposed a manifestly excessive sentence and failed to consider Devine's rehabilitative needs and mitigating factors, raises a substantial question for our review.  ***See Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (concluding that an excessive sentence claim, together with a claim that the trial court failed to consider a defendant's rehabilitative needs and other mitigating factors, raises a substantial question).  Thus, we will consider the merits of Devine's claim.

We adhere to the following standard of review:

---

[3] We note that the Commonwealth has objected to Devine's Rule 2119(f) Statement.  ***See*** Brief for Appellee at 4-9.  The Commonwealth contends that Devine failed to include his claim in his Rule 1925(b) Concise Statement.  ***Id.*** at 5-8.  Additionally, the Commonwealth asserts that Devine's claim is "a bald excessiveness claim that does not raise a substantial question."  ***Id.*** at 8-9.  However, when read in conjunction with his post-sentence Motion and Rule 1925(b) Concise Statement, we do not find Devine's Rule 2119(f) Statement so deficient that we must deem the issue waived.  We are satisfied that Devine has preserved his challenge to the trial court's failure to consider Devine's rehabilitative needs and mitigating factors that resulted in a manifestly excessive sentence.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercise its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007) (citation omitted).

"In every case in which the court imposes a sentence for a felony … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Mouzon*, 812, A.2d 617, 620-21 (Pa. 2002) (plurality). The Sentencing Code also provides that "the [trial] court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. McClendon*, 589 A.2d 706, 713 (Pa. Super. 1991) (stating that "the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation."). Further, the trial court must consider the Sentencing Guidelines. *Commonwealth v. Sheller*, 961 A.2d 167, 190 (Pa. Super. 2008).

The trial court put the following reasons for its sentence on the record at the sentencing hearing:

> The [c]ourt does have the benefit of a [PSI], which I have carefully considered, together with the Sentencing Code and sentencing guidelines, and the information supplied today through counsel. [Devine] was 32 years of age at the time of the report. He has been incarcerated since June 22, 2018. He did enter a plea[].
>
> His criminal history is set forth in the [PSI]. There are juvenile matters, and the Commonwealth and the defense lawyer have accurately recited his adult history, which is significant. It is significant that there are these prior manufacturing drug violations, and he has done fairly significant time, including maximum count prison sentence.
>
> The family situation and background is set forth and has been considered and was argued.
>
> His last employment was at Anthony Party Rental while on work release from the county prison. He really hasn't had any steady employment.
>
> I do believe he does require treatment. I also believe a state prison sentence is clearly and wholly appropriate, not a county sentence, as argued for by defense counsel. He has had the opportunity for county prison and that has not sufficiently rehabilitated him or deterred him from future antisocial conduct. I will direct the Department of Corrections to treat him while he is in their custody for substance abuse.

N.T. (Sentencing), 5/29/19, at 17-18.

Moreover, the trial court had the benefit of a PSI, which the trial court expressly stated it had considered. *Id.*; Trial Court Opinion, 9/9/19, at 5; *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (explaining that where a sentencing judge considered a PSI, it is presumed that they are "aware of relevant information regarding the defendant's character and

weighed those considerations along with mitigating statutory factors."). Based upon the foregoing, we discern no abuse of the trial court's discretion in imposing Devine's judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2020