J-S19007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TARRANCE GARNER | : | |
| | : | |
| Appellant | : | No. 2367 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 12, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003318-2020

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                     **FILED JULY 22, 2022**

Tarrance Garner appeals from the judgment of sentence imposed following his guilty plea to aggravated assault and aggravated assault of an unborn child. ***See*** 18 Pa.C.S.A. §§ 2702(a)(4); 2606(a). We affirm.

In August 2020, Garner assaulted Leah Klinger, who was seven-weeks pregnant at the time. Specifically, Garner became upset when Klinger informed him that she was going to tell her mother about the pregnancy. Garner then dragged Klinger around his residence, struck her multiple times on her head, held a gun to her stomach and threatened to kill the unborn child, and punched and kneed her in the stomach. Klinger suffered bruises

_____

[*] Former Justice specially assigned to the Superior Court.

and red marks on her body and a swollen lip, and experienced vaginal bleeding. Both Klinger and the unborn child recovered.

The police arrested Garner and the Commonwealth charged Garner with numerous crimes. On July 1, 2021, Garner entered a negotiated guilty plea to aggravated assault and aggravated assault of an unborn child. In exchange for the plea, the Commonwealth amended the aggravated assault charge to a second-degree felony and agreed that the minimum sentences for the two counts would be 22 months and the sentences would run concurrently. Notably, the parties did not agree to the maximum sentences as part of the plea deal.

The trial court accepted the plea, and ultimately sentenced Garner to 22 months to 10 years in prison for the aggravated assault conviction and a concurrent prison term of 22 months to 15 years for the aggravated assault of an unborn child conviction. Garner filed a motion to reconsider his sentence, which the trial court denied. This timely appeal followed.

On appeal, Garner raises the following question for our review:

Whether the Lower Court abused its discretion in imposing manifestly excessive and unreasonable sentences which deviate from sentencing norms, including a statutory maximum sentence, when the Court failed to consider any significant mitigating factors and failed to apply and review all the necessary factors as set forth in 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9781(e) and (d)[?]

Brief for Appellant at 4.

Here, Garner's argument that the trial court abused its discretion in imposing manifestly excessive maximum sentences challenges the

discretionary aspects of his sentence. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). Additionally, "[w]here a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted). "However, where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." *Id.* (citation omitted). "Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained." *Id.* (citation omitted).

Here, as part of his negotiated guilty plea, Garner and the Commonwealth agreed that the minimum sentences for each crime would be 22 months in prison, and that the sentences would be imposed concurrently. *See* N.T., 7/1/21, at 2-3, 4-5. The parties did not agree to a maximum sentence. *See id.* at 4, 5. Accordingly, Garner can challenge the trial court's exercise of discretion in determining the maximum term of his sentences. *See Brown*, 982 A.2d at 1019 (concluding that the appellant, who entered a

- 3 -

negotiated guilty plea that specifically left the maximum term of his sentence to the trial court's discretion, could challenge the discretionary aspects of that sentence).

Preliminarily, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts

> a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

Here, Garner filed a timely notice of appeal and raised his sentencing claim in a timely post-sentence motion. Garner also included a separate Rule 2119(f) Statement in his brief; accordingly, we will review his Rule 2119(f) statement to determine whether he has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013). "A substantial question [exists] only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code;

or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

In his Rule 2119(f) statement, Garner argues that the trial court imposed an excessive and unreasonable maximum sentence, which is grossly disproportionate to his minimum sentence, by failing to properly weigh his limited prior record, remorse, and rehabilitation needs. *See* Brief for Appellant at 9. This claim raises a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (concluding that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation omitted); *Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (finding that claim that maximum term was manifestly excessive because the sentence did not account for his rehabilitative needs and was disproportionate to the totality of the circumstances raised a substantial question).

Our standard of review of a challenge to the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Watson***, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted).

Garner contends that the trial court abused its discretion in imposing the maximum sentence because the trial court only focused on the seriousness of the crime and the impact on Klinger, and did not meaningfully consider mitigating factors, including his rehabilitative needs, his lack of prior criminal history, and his remorse. ***See*** Brief for Appellant at 10, 14. Garner specifically argues that, although the trial court had the benefit of the presentence investigation report ("PSI"), the record is devoid of any indication that the trial court meaningfully considered any of the relevant sentencing factors. ***See id.*** at 12-14. Garner concludes that the trial court's failure to properly weigh the sentencing factors resulted in an excessive sentence that was grossly disproportionate to the minimum prison terms. ***See id.*** at 14.

Here, as Garner concedes, the record reflects that the trial court had the benefit of a PSI prior to imposing its sentence. ***See*** N.T., 8/12/21, at 3, 6, 8-9; ***see also*** Trial Court Opinion, 10/19/21, at 3 n.3. Further, the trial court considered Garner's limited prior criminal record; his acceptance of responsibility for his acts; the fact that he was abused by his mother; his problems with anger; his mental health status; his rehabilitative needs; and the seriousness of the crime. ***See*** N.T., 8/12/21, at 6-7, 8, 12; ***see also*** Trial Court Opinion, 10/19/21, at 3 n.3. The trial court also heard testimony from Klinger, who explained that she agreed that Garner's minimum sentence

should be 22 months in prison. *See* N.T., 8/12/21, at 5. Finally, Garner spoke on his own behalf, proclaiming that he was sorry and that he would work on his issues. *See id.* at 7.

Thereafter, the trial court reviewed the evidence of the case and imposed the statutory maximum sentences, finding that: total confinement was necessary due to the harm caused by Garner's actions; there was an undue risk that Garner would commit another crime; a lesser sentence would depreciate the serious nature of the crimes; and confinement was more likely to contribute to Garner's rehabilitation. *See id.* at 10, 12.

Accordingly, contrary to Garner's claim, the trial court did not impose the sentence merely based upon the seriousness of the crimes. Indeed, the trial court did consider the mitigating factors, including Garner's rehabilitative needs, his lack of criminal history, family history, and remorse. Moreover, the trial court had the benefit of the PSI, which establishes that it was aware of relevant information regarding Garner's character and mitigating factors. *See Watson*, 228 A.3d at 936 (stating that where the trial court is informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed). Accordingly, based upon the totality of the trial court's considerations, we discern no abuse of the trial court's discretion in imposing Garner's sentence. *See id.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2022