J-S10024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| JOSE ALBERTO RODRIGUEZ-MELENDEZ | : | |
| | : | |
| | : | |
| Appellant | : | No. 1063 MDA 2025 |

Appeal from the Judgment of Sentence Entered July 7, 2025
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0001295-2024

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                    **FILED: JUNE 16, 2026**

Jose Alberto Rodriguez-Melendez ("Rodriguez-Melendez") appeals from the judgment of sentence imposed by the Northumberland County Court of Common Pleas ("trial court") following his guilty plea to aggravated assault.[1] On appeal, Rodriguez-Melendez challenges the discretionary aspects of his sentence.  Based upon our finding that he waived this claim for review, we affirm.

On October 5, 2024, Rodriguez-Melendez, while in his vehicle, fired multiple gunshots toward Shatiq Crum and a group of individuals.  Later, he returned to the scene to fire another shot.  Two days later, the police arrested

_____

[1]  18 Pa.C.S. § 2702(a)(4).

Rodriguez-Melendez and found the firearm used in the shooting on his person. The Commonwealth charged him with numerous crimes.

On July 7, 2025, Rodriguez-Melendez entered a guilty plea to aggravated assault — attempting to cause bodily injury with a deadly weapon, in exchange for the dismissal of the remaining charges. As part of the plea agreement, the parties agreed that the minimum sentence would be one year in prison, but the imposition of the maximum sentence would be left to the discretion of the trial court. The trial court accepted the plea and sentenced Rodriguez-Melendez to one to three years in prison.

> Rodriguez-Melendez filed a timely notice of appeal and presents a single issue for our review:  [Whether the trial court] failed to adequately weigh the standards set forth in 42 Pa.C.S. §§ 9721 & 9756 & 9762 when imposing an excessive aggregate discretionary sentence of not less than one [] year[] nor more than three [] year(s) imprisonment in a State Correctional Institution for guilty plea(s) to the charge(s) of aggravated assault under 18 Pa.C.S.[] § 2702(a)(4) in this case.

Rodriguez-Melendez's Brief at 7 (cleaned up).

Rodriguez-Melendez's argument challenges the discretionary aspects of his sentence.[2]  *See Commonwealth v. Riggs*, 63 A.3d 780, 785-86 (Pa. Super. 2012) (finding a claim that a sentence is excessive and manifestly

_____

[2]  Because the parties did not agree to the maximum sentence as part of the negotiated guilty plea, Rodriguez-Melendez may challenge the discretionary aspects of this sentence.  *See Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (stating that if the maximum term is left to the court's discretion, the appellant "has not waived the right to seek an appeal challenging the sentencing court's discretion in imposing a maximum term").

unreasonable because the trial court failed to consider all relevant sentencing factors is a challenge to the discretionary aspects of sentencing). There is "no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump*, 955 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). To receive review of this claim on appeal, Rodriguez-Melendez must have complied with the following:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of her appeal pursuant to Pa.R.A.P. 2119(f); and (4) appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

Rodriguez-Melendez filed a timely notice of appeal. He did not, however, preserve this issue in a post-sentence motion, resulting in waiver of this claim. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (stating that appellant waived his discretionary aspects of sentencing claim by failing to raise it at sentencing or in a post-sentence motion). Further, Rodriguez-Melendez failed to include a statement of reasons relied upon for the allowance of appeal in accordance with Pa.R.A.P 2119(f). The Commonwealth objected to this omission. Commonwealth's Brief at 8-9. Therefore, Rodriguez-Melendez waived his discretionary sentencing claim on this basis as well. *See Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012) ("If a defendant fails to include an issue in his Rule 2119(f)

statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim.") (citation omitted).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/16/2026