J-S16039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| IRA D. HAMMOND, | |
| Appellant | No. 1493 WDA 2016 |

Appeal from the Judgment of Sentence September 15, 2016
in the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0000010-2016

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED MAY 5, 2017**

Appellant, Ira D. Hammond, appeals from the judgment of sentence imposed following his negotiated guilty plea to involuntary manslaughter,[1] recklessly endangering another person,[2] disregard of traffic lane,[3] driving vehicle at safe speed,[4] and careless driving.[5]  He claims his sentence was excessive.  For the reasons set forth below, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2504(a).

[2] 18 Pa.C.S.A. § 2705.

[3] 75 Pa.C.S.A. § 3309(1).

[4] 75 Pa.C.S.A. § 3361.

[5] 75 Pa.C.S.A. § 3714(a).

We derive the following recitation of facts from the transcript of the guilty plea and sentencing hearings, the trial court's December 1, 2016 opinion and our independent review of the certified record. On August 29, 2014, while driving on State Route 281 in Markleysburg, Pennsylvania, Appellant's van crossed into the lane of opposing traffic and struck a motorcycle, resulting in the death of Kelly Oberdick-Palmer and serious bodily injury to Loren Reibling. (*See* N.T. Guilty Plea Hearing, 7/29/16, at 4-6; *see also* N.T. Sentencing, 9/15/16, at 4). Appellant admitted to driving over the speed limit. (*See* N.T. Guilty Plea Hearing, at 7).

On February 5, 2016, the Commonwealth filed a criminal information charging Appellant with involuntary manslaughter, recklessly endangering another person, disregarding a traffic lane, driving vehicle at safe speed, and careless driving. (*See* Information, 2/05/16). On July 29, 2016, Appellant entered a counseled, negotiated guilty plea to all five counts of the information. (*See* N.T. Guilty Plea, at 9). In return for Appellant's guilty plea, the Commonwealth agreed to a sentence of not less than six nor more than twenty-three months of intermediate punishment if appropriate and available. (*See id.* at 3-4). At the hearing, the trial court expressed uncertainty with respect to house arrest "[b]ecause there is a death of a human being[.]" (*Id.* at 8). On September 15, 2016, Appellant was sentenced to a term of not less than six nor more than twenty-three months of incarceration in Fayette County Prison for the involuntary manslaughter

- 2 -

charge; no further penalties were imposed for the remaining charges.[6] (*See* N.T. Sentencing, at 6). Notably, the sentencing court had the benefit of a pre-sentence investigation (PSI) report. (*See id.* at 7).

Appellant timely filed a post-sentence motion for modification of sentence on September 20, 2016. (*See* Post-Sentence Motion, 9/20/16, at unnumbered pages 1-2). The court denied the motion on September 26, 2016. (*See* Order, 9/26/16). Appellant timely filed a notice of appeal on October 4, 2016.[7]

On appeal, Appellant raises the following question for our review:

Whether the Appellant's sentence was excessive[?]

(Appellant's Brief, at 7).

Appellant challenges the discretionary aspects of his sentence. Our standard of review is well-settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing

_____

[6] We take judicial notice that, according to public records, Appellant was released from Fayette County Prison upon serving his minimum sentence. However, Appellant remains on parole and would be subject to re-incarceration upon violation of imposed conditions.

[7] Pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal on October 5, 2016. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on December 1, 2016. *See* Pa.R.A.P. 1925(a).

court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill-will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). In situations where a plea agreement specifies some but not all aspects of the sentence, this Court will only allow an appeal as to those discretionary aspects of sentencing not agreed upon during the negotiation process. *See Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009), *appeal denied*, 990 A.2d 726 (Pa. 2010).

Here, Appellant entered into a negotiated guilty plea that specified the length of his sentence, but not whether intermediate punishment would be appropriate and available. Thus, Appellant has retained his right to petition this Court for allowance of appeal with respect to the discretionary aspects of his sentence. *See id.*

Prior to reaching the merits of a discretionary sentencing issue:

[We] must engage in a four-part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise

- 4 -

statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citation omitted).

Instantly, Appellant properly preserved his claim by filing a timely post-sentence motion and notice of appeal. Appellant's brief does not contain "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence," however, the Commonwealth failed to object to the omission. *See* Pa.R.A.P. 2119(f). Therefore, this Court "may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate[.]" *Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (citation omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (citation omitted). Further, "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations and quotation marks omitted).

In the instant matter, Appellant challenges the discretionary aspects of his sentence as "excessive" and "unreasonable." (Appellant's Brief, at 11).

However, he fails to reference a provision of the Sentencing Code or a fundamental norm of the sentencing process which his sentence violates. *See Commonwealth v. Bromley*, 862 A.2d 598, 604 (Pa. Super. 2004). Accordingly, Appellant has failed to raise a substantial question.[8]

Even if Appellant had raised a substantial question, the court did not abuse its discretion in imposing his sentence. The trial court's sentence was within the standard range of the Sentence Guidelines. In fashioning Appellant's sentence, the court placed on the record its reasoning for the sentence. Specifically, the court noted that it had taken into consideration: (1) the nature, seriousness, and gravity of the offense of involuntary manslaughter; (2) the loss of life sustained by the victim; (3) the pre-sentence investigation report; (4) Appellant's prior record; and (5) his correctional treatment needs. (*See* N.T. Sentencing, at 6-7).

Additionally, the sentencing court had the benefit of a PSI report. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super.

---

[8] Moreover, he fails to develop an argument or discuss any authority in support of his claim. Therefore, it would be waived for that reason as well. *See*, *e.g.*, *Commonwealth v. Johnson*, 985 A.2d 915 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to the relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); Pa.R.A.P. 2119(a).

2011); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentence Code.") (citation omitted). Under such circumstances, "we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Corley*, *supra* at 298 (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

Appellant failed to raise a substantial question that his sentence was excessive.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2017