J-S73016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLIFFORD MARK FOSS, | : | |
| | : | |
| Appellant | : | No. 370 MDA 2017 |

Appeal from the PCRA Order February 8, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0003185-2015

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 16, 2018**

Appellant, Clifford Mark Foss, appeals *pro se* from the Order entered in the Berks County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm in part, vacate in part, and remand for an evidentiary hearing limited solely to the issue of whether plea counsel was ineffective for failing to file a direct appeal.

On September 29, 2015, Appellant entered an open guilty plea to one count each of Burglary and Criminal Conspiracy. That same day, the trial court sentenced Appellant to an aggregate term of 2½ to 10 years' incarceration.[1]  Appellant did not file a direct appeal.

---

[1] The court confirmed that counsel informed Appellant of his post-sentence and appellate rights during the September 29, 2015 guilty plea and
*(Footnote Continued Next Page)*

---

* Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a *pro se* PCRA Petition, his first, on June 13, 2016. Utilizing Form DC-198 promulgated by the Department of Corrections, Appellant stated that he "was never talked to about my appeals *Roe vs. Flores-Ortega*" and checked a box indicating that he was alleging ineffective assistance of counsel. *See* PCRA Petition, filed 6/13/16, at 2-3.[2]

The PCRA court appointed counsel, who eventually filed a *Turner/Finley*[3] "No Merit" Letter and Motion to Withdraw with the PCRA court on December 29, 2016. Counsel raised three potential claims in the No Merit Letter: (1) plea counsel was ineffective for failing to inform Appellant that he was entering an open guilty plea; (2) plea counsel was

*(Footnote Continued)* ─────────────

sentencing hearing. N.T., 9/29/15, at 11. The certified record contains two documents, signed by Appellant, that include detailed accounts of the relevant post-sentence and appellate rights following entry of a guilty plea. *See* "Defendant's Acknowledgment of Post Sentence Procedures Following Guilty Plea" at 1-2; "Statement Accompanying Defendant's Request to Enter a Guilty Plea," dated 9/29/15, at 1-3.

We note that a defendant who enters a guilty plea is entitled to appeal the discretionary aspects of his sentence that are not specifically negotiated by the parties. *See Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (finding that defendant could appeal the trial court's exercise of discretion with respect to the maximum term of his sentence even though minimum term was negotiated by the parties and made part of the plea agreement).

[2] In *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000), the U.S. Supreme Court rejected "a bright-line rule that counsel must always consult with the defendant regarding an appeal," and noted that the question is whether counsel's choices were reasonable.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

ineffective in informing Appellant that he would have to go to trial if he did not enter a guilty plea; and (3) a discretionary aspect of sentencing claim regarding the court's imposition of consecutive sentences. *See Turner/Finley* No Merit Letter and Motion to Withdraw, 12/29/16, at 1-5. Counsel concluded these claims lacked merit. Counsel did not address Appellant's claim that counsel never advised him about his appellate rights.

On January 17, 2017, the PCRA court issued an Order giving Appellant notice pursuant to Pa.R.Crim.P. 907 of the PCRA court's intent to dismiss the PCRA Petition without a hearing. In an Opinion included in the Order, the PCRA court opined that: (1) Appellant's guilty plea was not unlawfully induced because he was informed that he was entering an open guilty plea, which Appellant acknowledged verbally and in writing; (2) Appellant's guilty plea was not unlawfully induced because counsel correctly informed Appellant that Appellant would have to go to trial if he did not enter a guilty plea; and (3) his sentence is not illegal because it was "well below the statutory maximum." PCRA Court Opinion, 1/17/17, at 3-5. Appellant did not file a Response.

On February 8, 2017, the PCRA court dismissed Appellant's PCRA Petition. On March 7, 2017, the PCRA court granted PCRA counsel's Petition to Withdraw.

On February 24, 2017, Appellant filed a *pro* se Notice of Appeal. On March 17, 2017, Appellant filed a *pro se* Pa.R.A.P. 1925(b) Statement of

Errors. The PCRA court filed a Rule 1925(a) Opinion, in which it opined that Appellant's 1925(b) Statement of Errors was too vague and unspecific to address Appellant's claim. PCRA Court Opinion, filed 3/24/17, at 1-3 (stating, *inter alia*, "Petitioner has failed to include any specificity to the allegations in this Statement of Errors or to develop the alleged errors in such a way that this Court could address the issues; indeed, two of the three errors do not even [comprise complete] sentences, much less arguable claims for relief.").

Appellant presents two questions for our review:

[I.] Whether the PCRA court erred when it accepted PCRA counsel's no merit letter and dismissed Appellant's PCRA Petition?

[II.] Whether the PCRA court erred when it requested that this appeal be dismissed as no issues have been preserved for appellate review?

Appellant's Brief at 3 (reordered).[4]

In his Brief, Appellant states that he told his attorney after sentencing that he wanted to file a direct appeal. Appellant's Brief at 12.

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary."

---

[4] In his Brief, Appellant also presents new issues for the first time, including a compulsory joinder claim invoking 18 Pa.C.S. § 110. These claims are waived. **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

*Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (citation omitted). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

The law presumes that counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on Appellant." *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

Our Supreme Court has held that where "there is an *unjustified* failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999) (emphasis

added).  This denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution as well as the right to direct appeal under Article V, Section 9.  *Id.*  The Supreme Court concluded that this constitutes prejudice and *per se* ineffectiveness for PCRA purposes.  *Id.*

Before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, however, Appellant must prove that he requested an appeal and that counsel disregarded this request.  ***Commonwealth v. Touw***, 781 A.2d 1250, 1254 (Pa. Super. 2001).  In such a circumstance, a defendant is automatically entitled to reinstatement of his appellate rights.  ***Lantzy***, ***supra*** at 572.  Counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal, for example, because there are meritorious grounds for appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. ***Touw***, ***supra*** at 1254 (citing ***Roe v. Flores-Ortega***, 528 U.S. 470, 480 (2000)).

Here, Appellant claims that he specifically requested that his plea counsel file a direct appeal.  ***See*** Appellant's Brief at 12-14 (citing his own *pro se* PCRA Petition and stating, *inter alia*, "Appellant wanted to appeal his sentence, and informed his public defender after he was sentenced that he wanted to do so.").  Appellant also avers that, despite this issue being the

sole issue he presented in his *pro se* PCRA Petition, "PCRA counsel never addressed it or mentioned it, in its no-merit letter as it is required to do pursuant to the dictates of this Court for filing a no-merit letter." ***Id.*** at 14.[5]

However, Appellant was not given the opportunity of an evidentiary hearing with appointed PCRA counsel to prove that he asked plea counsel to file an appeal. The PCRA court did not substantively analyze this issue in any of its Opinions so we do not have the benefit of any findings of fact or credibility findings regarding Appellant's ineffectiveness claim.

Therefore, we find that the PCRA court erred in dismissing Appellant's PCRA Petition without holding an evidentiary hearing to determine whether Appellant asked plea counsel to file a direct appeal or whether Appellant reasonably demonstrated to counsel that he was interested in appealing, triggering counsel's duty to consult with Appellant. Accordingly, we are constrained to vacate in part the PCRA court's February 8, 2017 Order denying Appellant's PCRA Petition without a hearing and remand for further proceedings on this issue. ***See Lantzy***, ***supra*** at 572.

With respect to the three issues PCRA counsel raised in the No Merit Letter, which Appellant did not raise or develop in his appellate Brief, we agree with the PCRA court's conclusions described ***supra*** and affirm with

---

[5] Our review of the certified record shows that PCRA counsel mentioned this issue and asserted that Appellant was referring to a different case in another county. ***See Turner/Finley*** No Merit Letter and Motion to Withdraw, 12/29/16, at 4.

respect to those issues. **See** PCRA Court Opinion, 1/17/17, at 3-5. Thus, the sole issue to be resolved at the evidentiary hearing is Appellant's claim regarding his alleged request to file a direct appeal.

As the PCRA court permitted PCRA counsel to withdraw, the PCRA court is directed to appoint new PCRA counsel and conduct an evidentiary hearing in accord with this memorandum.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2018