J-S75036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NORMAN BOWEN, | : | |
| | : | |
| Appellant | : | No. 3445 EDA 2017 |

Appeal from the Judgment of Sentence October 2, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009387-2016,
CP-51-CR-0009389-2016, CP-51-CR-0009391-2016,
CP-51-CR-0009396-2016, CP-51-CR-0009404-2016,
CP-51-CR-0009406-2016, CP-51-CR-0009408-2016,
CP-51-CR-0009414-2016, CP-51-CR-0010116-2016

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED MARCH 15, 2019**

Norman Bowen ("Bowen") appeals from the judgment of sentence imposed, at seven separate docket numbers[1] following his open guilty plea to robbery, burglary, and related offenses.  We affirm.

During his guilty plea hearing, Bowen agreed to the following recitation of facts:

> [Regarding CP-51-CR-0009387-2016,] on June 29, 2016, [Bowen] conspired with codefendant, Anthony Campbell [("Campbell")], and another … to commit a home invasion robbery at 4226 Lancaster Avenue.  This property houses a Chinese restaurant on the first floor and a residence on the second. [Bowen and Campbell], each armed with a small black firearm, pointed their weapons at Ertai Lan … and Zhining Chang, … both

---

[1] The charges at docket numbers CP-51-CR-0009389-2016 and CP-51-0009391-2016 were *nolle prossed* before Bowen entered a guilty plea.

who [*sic*] lived in the home, demanding money. [Bowen and Campbell] tied Mr. Lan's and Mr. Chang's hands with belts, [and] forcibly took money, [a] computer, and an iPhone.[FN]

> [FN] The Commonwealth also submitted that Bowen had previously been convicted for possession with intent to deliver, rendering him ineligible to possess a firearm.

…

[Regarding CP-51-CR-0009396-2016,] [o]n August 1, 2016, [Bowen] conspired with [] Campbell to commit a home-invasion robbery at 724 South 52nd Street. The property houses a Chinese restaurant on the first floor and a residence on the second. [Bowen and Campbell], each armed with a firearm, bound Xiuzhen Wang … and her 13-year-old son, Vinny Zhang[,] … while threatening them at gunpoint. They were tied with an extension cord and phone wire. [Bowen and Campbell] took jewelry, an Xbox, cigarettes, cash, and a jar of coins. …

…

[Regarding CP-51-CR-0009404-2016,] [] on June 6, 2016, [Bowen] conspired with … Campbell[] to commit a home-invasion robbery at 6200 Vine Street. The property houses a Chinese restaurant on the first floor and a residence on the second. [Bowen and Campbell] forcibly entered the restaurant, taking money, cigarettes, cigars, [and] other items from the store. [Bowen and Campbell] attempted to make entry into the residence where the complainants were sleeping but failed to force[] open the door. Police were called and ultimately arrived at that location after [Bowen and Campbell] left.

…

[Regarding CP-51-CR-0009406-2016,] [] on July 28, 2016, Bowen and … Campbell[] conspired to commit a home-invasion robbery at 6000 Master Street. This property houses a Chinese restaurant on the first floor and a residence on the second. The two forcibly entered through a rear security door[,] causing damage to the premises while wearing masks and gloves. Once inside, they forcibly entered the residence where the victims, Shuisang Huang [("Huang")], … Neng Lin [("Lin")], … and their nine-year-old daughter … were sleeping. [Bowen and Campbell], both armed

with firearms, woke [up Lin and Huang]. … [Bowen and Campbell] demanded money. [] Huang and [] Lin were both pistol-whipped about the head. [] Huang was struck three times. [Bowen and Campbell] demanded money[,] and bounded [*sic*] and gagged [] Huang, tying her about the hands and feet[,] and placing a pair of pants in her mouth. The two initially brought [] Lin downstairs with them in order to direct him where to find the money, then ultimately returned [Lin] upstairs and tied him by the hands and feet. [Bowen and Campbell] ransacked the entire home, including the businesses and bedrooms of [] Huang and [] Lin[,] and the bedroom of their … daughter [], who did wake up during that incident and [saw] an armed man ransacking her room. [Bowen and Campbell] took[] approximately[] $3,000 in cash, numerous pieces of jewelry that were taken from [] Huang's person as well as her bedroom[,] and the video security system that had been installed in the restaurant. [] Lin and [] Huang suffered injuries to their heads as a result of being struck with the firearms….

…

[Regarding CP-51-CR-0009408-2016,] [o]n July 31[], 2016, [Bowen and Campbell], along with Sharif Mogley [("Mogley")], conspired to commit a home-invasion robbery at 6047 Market Street. The property houses a laundromat on the first floor and a residence on the second. [Bowen], along with [] Campbell, forcibly entered the business and ultimately the second floor residence[,] where Meiuy Chen [("Chen")] … and her children, Xia Lin [("Xia")] … and Rung Lin [("Rung"),] … were asleep. [] Chen and [Xia] were sleeping in the same room. [Rung] was sleeping in another room. The complainants were awoken and had guns pointed to their head[s]. [Xia] and [] Chen were both bound by their hands and feet[,] face[] down[,] while [Bowen and Campbell] took jewelry, $2,000, two computers, a box of tokens, [and] a large amount of change.

…

[Regarding CP-51-CR-0009419-2016,] on July 20, 2016, [Bowen] conspired with [] Campbell and Mogley to commit a home-invasion robbery at 5150 North 5th Street. [Bowen], along with [] Campbell, selected that location prior to that incident and labeled that as a property they thought would be easy and successful for a home-invasion gunpoint robbery. On that date, [] Bowen was not physically present, but during all of these incidents, a vehicle

owned by [] Bowen was used by [] Campbell.  Additionally, phone records of [] Campbell indicated multiple calls surrounding this incident from a phone number that belonged to [] Bowen's girlfriend before, during and after this incident.  [] Mogley and [] Campbell entered that house, which is a property that houses a Chinese restaurant on the first floor and a residence on the second.  … And on the date of this incident, [Bowen], along with [] Mogley, forcibly entered the property.  The complainant, Xin Wu … hid within the house with his wife, watching on the camera as … Mogley and [] Campbell took[] approximately[] $9,000 in cash as well as cigarettes and jewelry from the complainant's home.

…

[Regarding  CP-51-CR-0010116-2016,]  [o]n  June  9,  2016, [Bowen] and … Campbell[] conspired to commit a home-invasion gunpoint robbery at 1023 West Ruscomb Street.  This property houses a Chinese restaurant on the first floor and a residence on the second floor.  [Bowen and Campbell], each armed with firearms, forcibly entered the property where the complainants, Yong Zhenyu, … Bizhong Liu, … and their ten-year-old daughter … were sleeping.  [Bowen and Campbell] pointed the guns at the complainants and demanded property, taking[] approximately[] $10,000, jewelry, cigarettes, a computer, cell phones, iPads and frozen shrimp.

N.T., 7/12/17, at 12-29 (footnote added; some paragraph breaks omitted).

On July 12, 2017, Bowen pled guilty, on separate dockets, to twelve counts of robbery, eight counts of conspiracy, five counts each of burglary, false imprisonment and possession of an instrument of crime ("PIC"), four counts of possession of firearms prohibited, and one count each of theft by unlawful taking, aggravated assault, criminal attempt, and firearms not to be carried without a license.[2]  The trial court deferred sentencing and ordered a

---

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, 3502(a)(1), 907, 2903, 6105, 3921(a), 2702, 901, 6106.

pre-sentence investigation report ("PSI"). The trial court sentenced Bowen to an aggregate term of 34 to 68 years in prison.

Bowen filed a timely Motion to Reconsider, which the trial court denied. Bowen thereafter filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Bowen raises the following question for our review:

> Is the sentence imposed unduly harsh and greater than that which would be consistent with protection of the public, the gravity of [Bowen's] conduct as it relates to the impact on the life of others in the community, and the rehabilitative needs of [Bowen], and did the trial court [fail] to take into account all mitigating and relevant and necessary factors to be considered by a sentencing court (including [Bowen's] age[,] rehabilitative needs, mental illness, drug addiction, acceptance of responsibility, remorse, and his allocution); that is, is confinement in a state correctional facility for the term imposed [] not the least restrictive sentence necessary to effectuate the aims of the Pennsylvania's [*sic*] sentencing laws?

Brief for Appellant at 4.

Bowen's claim challenges the discretionary aspects of his sentence.[3] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see***

---

[3] Bowen's open guilty plea does not preclude a challenge to the discretionary aspects of his sentence. ***See Commonwealth v. Brown***, 982 A.2d 1017, 1019 (Pa. Super. 2009).

- 5 -

Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Bowen filed a timely Notice of Appeal and raised his sentencing claim in a timely Motion to Reconsider. Bowen also included a separate Rule 2119(f) Statement in his brief. Accordingly, we will review Bowen's Rule 2119(f) Statement to determine whether he has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Edwards**, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citations omitted).

In his Rule 2119(f) Statement, Bowen argues that the trial court's imposition of consecutive sentences resulted in an excessive aggregate sentence. Brief for Appellant at 35. Bowen points out that all seven robberies and attempted robberies were part of one ongoing scheme. **Id.** Bowen also claims that the trial court failed to consider certain mitigating factors, including his history of mental illness and an expensive drug addiction (which, according to Bowen, was the impetus for his involvement in the robberies). **See id.** at

35-36. Bowen additionally argues that he "accepted responsibility for his actions, expressed remorse, and apologized to the victims." *Id.*

This Court has held that a "challenge to the imposition of [] consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider [the appellant's] rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question." *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015). Additionally,

> [i]n determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013). Because Bowen's argument raises a substantial question, we will consider the merits of his claim.

Our standard of review of a challenge to the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007).

The Sentencing Code provides that "the [trial] court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court must also consider the Sentencing Guidelines. ***See id.***; ***see also Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that "[w]hen imposing a sentence, the [trial] court is required to consider the sentence ranges set forth in the Sentencing Guidelines....").

Initially, we note that the sentencing transcripts are not included in the certified record, nor is there any indication on the docket that Bowen filed a request for transcripts. Pennsylvania Rule of Appellate Procedure 1911(a) requires an appellant to request and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). "[A]ny claims that cannot be resolved in the absence of the necessary transcript … must be deemed waived for the purpose of appellate review. It is not proper for [] the … Superior Court to order transcripts[,] nor is it the responsibility of the appellate courts to obtain the necessary transcripts." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (citations omitted).

We will nevertheless consider the merits of Bowen's claim. Here, the record reflects that the trial court had the benefit of a PSI, which the trial court stated it had considered, in addition to Bowen's mental health records and his rehabilitative needs, prior to imposing its sentence. Trial Court Opinion,

- 8 -

12/21/17, at 7; *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). Moreover, in its Opinion, the trial court indicated that it had reviewed Bowen's "upbringing, educational background, and criminal history, the latter of which revealed that [Bowen] had, as an adult, fifteen prior convictions and eight commitments. [The trial c]ourt also considered [Bowen's] age and long history of violations, which included nine violations of probation or parole." Trial Court Opinion, 12/21/17, at 7-8. The trial court also specifically pointed to testimony by Bowen and his co-conspirator that they "specifically target[ed] and preyed on Chinese-American business owners, believing that Asians kept money at home instead of a bank, and that Asians would be less likely to report the crimes." *Id.* at 9. Additionally, the trial court reviewed the applicable Sentencing Guidelines for each offense. *See id.* at 8-9, 10. Upon review, we discern no abuse of the trial court's discretion, nor do we find Bowen's aggregate sentence excessive under the circumstances.[4]

---

[4] The consecutive nature of Bowen's sentences, without more, does not necessitate the conclusion that Bowen's aggregate sentence is manifestly excessive. *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (stating that "[g]enerally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed.") (citation omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19